(71 Hun, 179.)

## PORT RICHMOND & P. P. ELECTRIC R. CO. v. STATEN ISLAND RAPID TRANSIT R. CO.

(Supreme Court, General Term, Second Department. July 28, 1893.)

STREET-RAILWAY COMPANY — CROSSING STEAM-RAILROAD TRACKS.

In the absence of an amicable agreement by a steam-railroad company to permit a street surface railway company to cross its track, the latter must apply to the court for the appointment of commissioners, under the railroad act, (Laws 1890, c. 565, § 12.)

Appeal from special term, Kings county.

Action by the Port Richmond & Prohibition Park Electric Railroad Company to enjoin the Staten Island Rapid Transit Railroad Company from preventing plaintiff from crossing defendant's track. From a judgment dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Finding 7 is as follows: "About the end of June, 1892, the plaintiff opened a negotiation with the defendant to obtain an agreement from the defendant, giving it the right to string its wire across the defendant's tracks. While this negotiation was pending, and before the terms and conditions of crossing had been fixed, the plaintiff requested the defendant to disconnect the chain of its gate, and permit the plaintiff's wire to be strung, and its cars to be operated, across the defendant's tracks, temporarily, pending the settlement of the terms and conditions of crossing. The defendant complied with said request in or about the month of June, and the plaintiff operated its cars across the defendant's tracks, by the trolley overhead system, between about July 3 and November 27, 1893, under said temporary permission granted by the defendant. The defendant's gate, during that period, was useless, in consequence of the breaking of the chain. After the plaintiff had strung its wires, and begun to operate its cars, across the defendant's tracks, through the courtesy of the defendant, it broke off the said negotiation, and no agreement has ever been made between the parties to this action with reference to the terms and conditions of crossing."

Argued before BARNARD, P. J., and PRATT, J.

Nichols & Bacon, (Alexander S. Bacon, of counsel,) for appellant. Tracy, Boardman & Platt, for respondent.

PRATT, J. We think the seventh finding of fact is sustained by the evidence. From that it follows that no agreement was reached between the companies as to the crossing. If plaintiff cannot make a satisfactory arrangement, it must apply under the railroad act,[1] which we believe to be applicable. Judgment affirmed, with costs.

---

[1] The railroad act, (Laws 1890, c. 565,) § 12, is as follows: "Every railroad corporation whose road is or shall be intersected by any new railroad, shall unite with the corporation owning such new railroad in forming the necessary intersections and connections, and grant the requisite facilities therefor; and if the two corporations cannot agree upon the amount of compensation to be made therefor or upon the line or lines, grade or grades, points or manner of such intersections and connections, the same shall be ascertained and determined by commissioners, one of whom must be a practical civil engineer and surveyor, to be appointed by the court, as is provided in the condemnation of law; and such commissioners may determine whether the crossing or crossings of any railroad before constructed shall be beneath, at or above the existing grade of such railroad, and upon the route designated upon the map of the corporation seeking the crossing or otherwise."